JUDGE ROMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 0220

BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG,

        Plaintiffs,

v.

EUROTEK IMPORTS, LLC and JOSE A.
BORIA,

        Defendants.

Case No.

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND MISAPPROPRIATION**

JURY TRIAL DEMANDED

RECEIVED JAN 10 2014 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively, "Plaintiffs" or "BMW") seek injunctive and monetary relief from Defendants Eurotek Imports, LLC and Jose A. Boria for trademark infringement, unfair competition, false advertising, and misappropriation with respect to Plaintiffs' famous "BMW" word mark, Roundel logo, and MINI Wings logo, pictured below.

 

As alleged more fully below, Defendants have violated, and continue to violate, the Trademark Act of 1946 as amended, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act"), and New York law through their unauthorized display of Plaintiffs' Roundel logo and MINI Wings logo on their business signage and business cards and their claim to consumers that their automotive company is certified by BMW when that is not the case.

## Parties

1. Plaintiff BMW of North America, LLC ("BMW NA") is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677. BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation, which is a wholly owned subsidiary of Bayerische Motoren Werke AG ("BMW AG"). BMW NA distributes new and previously owned BMW passenger cars and BMW light trucks through its authorized dealer networks across the country.

2. Plaintiff BMW AG is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business at Petuelring 130, 80809 Munich, Germany. BMW AG designs and manufactures motor vehicles, parts and other products for sale in Europe and for export and sale throughout the world.

3. Through their MINI division, Plaintiffs design, manufacture, distribute, service, and sell passenger cars under Plaintiffs' MINI trademarks.

4. Defendant Eurotek Imports, LLC ("Eurotek Imports") is a New York limited liability company with its principal place of business at 1214 River Road, New Windsor, New York 12553. Eurotek Imports services, repairs, and sells pre-owned automobiles, including BMW and MINI vehicles, in competition with BMW and its authorized dealers.

5. Defendant Jose A. Boria is the owner of and registered agent for Eurotek Imports and has personally directed and participated in the infringing acts alleged herein.

## Jurisdiction And Venue

6. This Court has personal jurisdiction over Defendants because Defendants reside in and/or conduct business in the State of New York.

7.  This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over BMW's claims under New York law.

8.  Venue is proper in this District under 28 U.S.C. §1391(b), as Defendants reside in and/or have their principal place of business in this District and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred and are still occurring in this District.

## BMW's Famous Marks

9.  BMW is in the business of designing, manufacturing, distributing, and servicing motor vehicles and a variety of other products under various trademarks, including the "BMW" mark, Roundel logo, and MINI Wings logo, shown above.

10. BMW NA, through itself and predecessors-in-interest, has used the "BMW" trademark in commerce in the United States continuously since at least as early as 1949 in connection with the sale and service of motor vehicles.

11. BMW NA, through itself and predecessors-in-interest, has been the exclusive licensee and authorized user of the Roundel logo in the United States continuously since at least as early as 1949 in connection with the sale and service of motor vehicles.

12. Plaintiffs have used their MINI Wings logo in commerce in the United States continuously since at least as early as 2002 in connection with the design, manufacture and distribution of motor vehicles, repair and maintenance services for motor vehicles, and motor vehicle dealership services.

13. Since long prior to the acts of Defendants complained of herein, BMW has used its "BMW" mark, Roundel logo and MINI Wings logo in connection with its business of

designing, manufacturing, distributing, and servicing motor vehicles and a variety of other products in the State of New York.

14.  BMW AG is the owner is the owner of the following U.S. Registrations for the "BMW" mark, Roundel logo and MINI Wings logo:

| Mark | Reg. No. | Reg. Date | Class: Services/Goods |
|---|---|---|---|
| (BMW Roundel logo) | 613,465 | Oct. 4, 1955 | Automobiles, motorcycles and parts thereof |
| (BMW Roundel logo) | 1,170,556 | Sept. 22, 1981 | Motor vehicle repair and maintenance services and dealership services |
| (BMW Roundel logo) | 1,450,212 | Aug. 4, 1987 | Automobiles, motorcycles, parts thereof, including wheels, wheel rims, and watches, clocks and various other goods and services |
| (BMW Roundel logo) | 2,752,258 | Aug. 19, 2003 | Cleaning preparations for use in the automotive field, engine oil and various other goods |
| (BMW Roundel logo) | 3,418,573 | Apr. 29, 2008 | Leasing and financing services for motor vehicles; online credit applications and online banking; loan services |

| Mark | Reg. No. | Reg. Date | Class: Services/Goods |
| --- | --- | --- | --- |
| "BMW" | 611,710 | Sept. 6, 1955 | Automobiles and motorcycles |
| "BMW" | 1,164,922 | Aug. 11, 1981 | Motor vehicle repair and maintenance services and dealership services |
| "BMW" | 1,627,241 | Sept. 18, 1990 | Clothing |
| "BMW" | 2,816,178 | Feb. 24, 2004 | Floor mats for vehicles, compact disc players, non-metal key rings, metal key rings, miniature toy vehicles |
| "BMW" | 3,436,270 | May 27, 2008 | Leasing services for motor vehicles; retail and wholesale financing services for motor vehicles; credit card services; online personal banking; online customer banking services for credit card, loan, finance and lease accounts; loan services |
| MINI (logo) | 2,757,755 | Sept. 2, 2003 | Repair, maintenance and cleaning of land motor vehicles and their parts; land vehicles, namely, automobiles; engines for land vehicles; and structural parts for the aforesaid goods |
| MINI (logo) | 2,812,820 | Feb. 10, 2004 | Clocks, pins, jewelry, pens, backpacks, tote bags, mugs, mats and toys |

5

| Mark | Reg. No. | Reg. Date | Class: Services/Goods |
|---|---|---|---|
| MINI | 2,825,969 | March 23, 2004 | Antifreeze; windshield cleaning fluids; automobile cleaning kits, comprising automobile cleaners, automobile wax, buckets, wheel cleaners, brushes, and cloths |
| MINI | 2,855,714 | June 22, 2004 | Clothing, namely shirts, sweatshirts, jackets, gloves, and headwear |
| MINI | 2,907,546 | Dec. 7, 2004 | Gloves; head wear, jackets; and shirts |
| MINI | 3,356,834 | Dec. 18, 2007 | Organizing and conducting volunteer programs and community service projects |

15. These registrations were duly and legally issued, and are valid and subsisting. Registrations 613,465; 1,170,556; 1,450,212; 2,752,258; 611,710; 1,164,922; 1,627,241; 2,816,178; 2,757,755; 2,812,820; 2,825,969; 2,855,714; and 2,907,546 are incontestable pursuant to 15 U.S.C. § 1065.

16. BMW AG has licensed the "BMW" mark, Roundel logo, and MINI Wings logo to BMW NA for use in connection with the distribution, sale, service, and repair of the aforementioned products in the United States.

17. BMW NA distributes BMW passenger cars and BMW light trucks and provides maintenance services for its customers through nationwide networks of authorized dealers and

6

service providers. BMW NA authorizes BMW dealerships to use the "BMW" mark and Roundel logo in connection with the sale and/or service of BMW products.

18. BMW NA distributes MINI automobiles and provides maintenance service for its customers through a nationwide network of authorized MINI dealers and service providers. BMW NA authorizes MINI dealers to use the MINI Wings logo in connection with the sale and/or service of MINI products.

19. To create and maintain goodwill among its customers, BMW has taken substantial steps to assure that all authorized BMW and MINI dealers and service providers using Plaintiffs' "BMW" mark, Roundel logo, and MINI Wings logo are of the highest quality.

20. BMW has expended millions of dollars in advertising efforts across the country in connection with its "BMW" mark, Roundel logo, and MINI Wings logo. As a result of its long use and promotion of these marks, BMW has established its "BMW" mark, Roundel logo, and MINI Wings logo as famous and distinctive marks among members of the American public.

### Defendants' Wrongful Activities

21. Defendants are displaying BMW's Roundel logo and MINI Wings logo on their business signage and BMW's Roundel logo on their business cards without authorization or permission from BMW. (*See* Exhibit A.)

22. Defendants have been representing to the public that their company is a certified BMW pre-owned sales and repair center, when that is not the case.

23. BMW has sent Defendants four letters requesting that they cease and desist all unauthorized uses of BMW's trademarks and logos and cease representing themselves as a certified BMW pre-owned sales and repair center.

7

24. As of the filing of this complaint, however, Defendants are still making unauthorized use of Plaintiffs' "BMW" mark, Roundel logo, and MINI Wings logo in connection with their business.

25. Defendants are not affiliated with or sponsored by BMW and never have been authorized by BMW or any of its subsidiaries, affiliates or authorized agents to use BMW's marks in any form.

26. Defendants have never provided services for BMW or any of its subsidiaries, affiliates, or authorized agents.

27. Defendant's unauthorized use of BMW's Roundel logo, "BMW" mark, and MINI Wings logo is intended to divert to Defendant persons who are interested in the products and services of BMW and to trade off the goodwill of BMW's marks.

28. Defendants' unauthorized use of BMW's marks in the manner described above:

   (a) is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of Defendants' products and services, or as to some affiliation, connection, or association of Defendants with BMW;

   (b) enables Defendants to trade off and receive the benefit of goodwill BMW has built up at great labor and expense over many years, and to gain acceptance for Defendants' products and services not solely on their own merits, but on the reputation and goodwill of BMW, its trademarks and its products and services;

   (c) unjustly enriches Defendants; and

(d) unlawfully removes from BMW the ability to control the nature and quality of products and services provided under its marks and places the goodwill and valuable reputation of BMW in the hands of Defendants, over whom BMW has no control.

29. BMW has been damaged and continues to be damaged by Defendants' unauthorized use of its marks in the manner described above.

30. Unless these acts of Defendants are restrained by this Court, they will continue to cause irreparable injury to BMW and to the public for which there is no adequate remedy at law.

## Count I
## Federal Trademark Infringement
## (Lanham Act § 32, 15 U.S.C. § 1114(1))

31. BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 30 herein.

32. Defendants' unauthorized use of Plaintiffs' "BMW" mark, Roundel logo, and MINI Wings logo in connection with identical goods and services is likely to cause confusion, to cause mistake or to deceive as to the source or sponsorship of Defendants' goods and services.

33. The acts of Defendants complained of herein constitute use in commerce of reproductions, copies, or colorable imitations of BMW's federally registered "BMW" mark, Roundel logo, and MINI Wings logo in connection with the sale, offering for sale, distribution and advertising of goods and services in violation of 15 U.S.C. § 1114(1).

34. Defendants' acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of BMW's rights in its marks and with intent to trade off BMW's vast goodwill in its marks.

9

35. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

### Count II
### Federal Unfair Competition and False Designation Of Origin
### (Lanham Act §43(a), 15 U.S.C. § 1125(a))

36. BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 35 herein.

37. Defendants' unauthorized use of Plaintiffs' "BMW" mark, Roundel logo, and MINI Wings logo falsely indicates that Defendants and their goods and services are connected with, sponsored by, affiliated with or related to BMW.

38. Defendants' unauthorized use of Plaintiffs' "BMW" mark, Roundel logo, and MINI Wings logo has caused, and is likely to continue to cause, confusion, mistake or deception as to the source or sponsorship of Defendants and their goods and services.

39. Defendants' unauthorized use of Plaintiffs' "BMW" mark, Roundel logo, and MINI Wings logo in connection with their goods and services allows Defendants to receive the benefit of BMW's goodwill, which BMW has established at great labor and expense, and further allows Defendants to gain acceptance of their goods and services, based not on their own qualities, but on the reputation and goodwill of BMW.

40. The acts of Defendants complained of herein constitute unfair competition and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendants' acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of BMW's rights in its marks and with intent to trade off BMW's vast goodwill in its marks.

42. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

## Count III
## Federal False Advertising
## (Lanham Act §43(a), 15 U.S.C. § 1125 (a))

43. BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 herein.

44. Defendants' representation of their company as a certified BMW pre-owned sales and repair center misrepresents the nature, quality and characteristics of their services and constitutes literally false and/or misleading descriptions and misrepresentations of fact in commerce.

45. Defendants' representation is false and misleading because Eurotek Imports is not certified by BMW.

46. The acts of Defendants complained of herein constitute false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

47. Defendants' acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of BMW's rights in its marks.

48. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

## Count IV
## Trademark Infringement
## (Common Law of New York)

49. BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 48 herein.

50. Defendants' unauthorized use of the infringing marks as described above has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the relationship or affiliation of the parties and the source, origin, or sponsorship of their respective products and services.

51. Defendants, with full knowledge of BMW's rights in its marks, and of the valuable goodwill associated therewith, has committed the acts alleged herein willfully, with the intent to trade off, or in complete disregard of, BMW's goodwill and the goodwill associated with BMW's marks.

52. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of New York.

53. Defendants' unauthorized use of the infringing marks as described above has impaired, is impairing and, unless enjoined by this Court, will continue to impair BMW's reputation under its trademarks and has caused, is causing and, unless enjoined by this Court, will continue to cause injury and damage to BMW for which BMW is entitled to relief under the common law.

54. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

### Count V
### Unfair Competition
### (Common Law of New York)

55. BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 54 herein.

56. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of New York.

57. Defendants have deliberately copied and/or reproduced BMW's marks.

58. As a result of Defendants' unfair competitive acts and practices, Defendants have caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to BMW for which there is no adequate remedy at law, and for which BMW is entitled to injunctive relief under the common law.

### Count VI
### Misappropriation
### (Common Law of New York)

59. BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 58 herein.

60. BMW has expended substantial time, skill, labor and money in the creation and marketing of its motor vehicles under its "BMW" mark, Roundel logo, and MINI Wings logo and has acquired legally protectable property rights herein.

61. As a result of the foregoing alleged actions, Defendants have profited, are profiting and, unless such acts and practices are enjoined by this Court, will continue to profit by misappropriating the time, skill, labor and money that have been invested in BMW's line of motor vehicles manufactured, marketed, sold, distributed, advertised and promoted under the "BMW" mark, Roundel logo, and MINI Wings logo, as well as the goodwill and reputation associated with them.

62. Defendants' unlawful acts and practices as alleged in this Complaint constitute willful misappropriation of BMW's property rights.

63. By reason of Defendants' misappropriation, Defendants have caused, are causing and unless such misappropriation is enjoined by the Court, will continue to cause immediate and

irreparable harm to BMW for which there is no adequate remedy at law, and for which BMW is entitled to injunctive relief under the common law.

### Prayer For Relief

WHEREFORE, BMW prays that:

1. Judgment be entered for BMW on its claims.

2. Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with any of them, be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

　　(a) using BMW's Roundel logo and MINI Wings logo, or any colorable imitations thereof, and making trademark use of the BMW" mark, or any colorable imitations thereof, either alone or as part of any business signs, banners, websites, telephone directory advertisements, marketing materials, stationery, and business cards;

　　(b) describing Eurotek Imports as an "certified" BMW facility, or otherwise representing in substance or effect that Defendants are affiliated with BMW; and

　　(c) doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or their products or services, emanate from, or are connected with, sponsored by or approved by BMW.

3. An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to BMW and increased as the Court finds to be just under the circumstances of this case.

4. Defendants be required to pay:

    (a)    in accordance with Section 35(a) of the United States Trademark Act, 15 U.S.C. §1117(a) and (b) an award of treble Plaintiffs' actual damages and Defendants' profits, together with profits resulting from sales by Defendants relating to their aforesaid trademark infringement, unfair competition and false advertising; and

    (b)    BMW's reasonable attorneys' fees and costs of this action.

5.    Defendants, in accordance with Section 36 of the United States Trademark Act, 15 U.S.C. § 1118, be required to deliver to BMW for destruction all labels, signs, prints, packages, bottles, receptacles, containers, and advertisements in Defendants' possession or control bearing BMW's trademarks.

6.    Defendants, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon BMW, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of such injunction.

7.    BMW recover such other relief as the Court may deem appropriate.

### Jury Demand

Plaintiffs demand a trial by jury for all issues so triable as a matter of right.

Dated: January 10, 2014
New York, N.Y.

Respectfully submitted,

JONES DAY

/s/ John J. Normile

John J. Normile
222 East 41st Street
New York, N.Y. 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

John G. Froemming
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

*Counsel for Plaintiffs*

# EXHIBIT A


